UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ALVARADO RAMIREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 2:26-cv-06999-SSC<br>MEMORANDUM AND ORDER |

A noncitizen Petitioner brings this habeas petition challenging his detention by immigration authorities. Because Petitioner has now been removed from the United States and is no longer in immigration custody, the Court dismisses the petition as moot.

**I**

On June 26, 2026, Petitioner Eduardo Alvarado Ramirez filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California. (*Id.* at 7.)

---

[1] Petitioner is a citizen of El Salvador. (ECF 1 at 7.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Following the lead of the U.S. Supreme

The petition alleges the following facts. Petitioner entered the United States without inspection in or about 2004. (*Id.* at 8.) He has resided continuously in the United States for approximately 22 years. (*Id.*) Petitioner is married to a U.S. citizen and is the father of three U.S. citizen daughters. (*Id.* at 9.) In late 2019 or early 2020, Petitioner was arrested in connection with a domestic violence allegation. (*Id.*) Based on information provided by Petitioner's family and prior counsel, no charges were filed and the matter was later dismissed. (*Id.*) Shortly thereafter, Petitioner was taken into immigration custody. (*Id.*) He was released following a custody determination by an immigration judge and remained at liberty for approximately six years. (*Id.*) During this period, he complied with his conditions of release and appeared for scheduled reporting appointments with ICE. (*Id.*) On or about May 8, 2025, an immigration judge entered an in absentia order of removal after Petitioner allegedly failed to appear for a scheduled hearing. (*Id.* at 10.) Petitioner filed a motion to reopen, and it was denied. (*Id.*) Petitioner appealed and the appeal remains pending. (*Id.*)

On June 9, 2026, Petitioner was re-detained at a routine ICE reporting appointment. (*Id.* at 11.) At the time of the petition, Petitioner was detained in Adelanto, California. (*Id.*) Petitioner sought a stay of removal before the BIA, which was denied. (*Id.*)

---

Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien." *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

Petitioner challenges Respondents' decision to revoke a liberty interest without first providing constitutionally adequate process. (*Id.* at 12.) Specifically, Petitioner brings a Fifth Amendment due process claim alleging that his detention violated due process because Respondents re-detained him without advance notice and a meaningful opportunity to contest his re-detention. (*Id.* at 32–35.) Petitioner seeks immediate release and prospective injunctive relief preventing Respondents from re-detaining him absent compliance with constitutional protections. (*Id.* at 35–36.)

On July 6, 2026, ten days after the filing of the petition, the Clerk issued a notice of General Order 26-05, which sets the governing briefing schedule in this case and requires that during the pendency of these proceedings, "Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California." (ECF 4 at 2.) It provides that "[t]he Clerk is directed to effectuate immediate service of the habeas petition filed in this case upon Respondent," and that "[c]ounsel for Respondent shall file a notice of appearance within 3 calendar days of the date the Clerk's Office issues this notice." (*Id.* at 1–2.)

Also on July 6, 2028, Petitioner filed an *ex parte* application for a temporary restraining order (TRO) informing the Court that Petitioner has received information that Respondents intend to remove him from the United States on the same day. (ECF 5 at 2.) On July 7, 2026, the District Judge ordered Respondents to file an opposition to the application, including a statement regarding Petitioner's location. (ECF 6.) On the same day, Respondents appeared (ECF 7) and filed an opposition to the TRO application (ECF 8). The opposition indicates

that Petitioner was removed to El Salvador on July 6, 2026. (*Id.* at 2.) Respondents also note that by the time the General Order 26-05 issued, Petitioner had already been transferred out of the Central District of California to El Paso, Texas, and that Petitioner's counsel was notified of this transfer. (*Id.*) Respondents claim that the Court lacks jurisdiction under 8 U.S.C. § 1252(g) over a claim seeking to delay removal, and that Petitioner's removal moots the TRO and the petition under the case or controversy requirement of Article III of the Constitution. (*Id.* at 5–6.) Respondents also filed a supplement to the opposition, attaching the Form I-205 Warrant of Removal, which confirms that Petitioner was removed by ICE Air Charter Mission on July 6, 2026 from El Paso, Texas. (ECF 10; ECF 10-1.) The District Judge ordered Petitioners to file a reply, including a response to Respondents' mootness argument. (ECF 9.)

On July 9, 2026, Petitioner filed a reply. (ECF 11.) The same day, the District Judge issued an order denying Petitioner's motion for TRO. (ECF 12.) The District Judge found that "[n]ow that Petitioner has been removed, the court finds that there is not 'imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule.'" (*Id.*) The District Judge stated that "proceedings on the merits of the Petition will continue before" this Court. (*Id.*)

On September 21, 2026, the Court ordered Petitioner to show cause why the action should not be dismissed as moot. (ECF 13.) Petitioner responded, arguing that Petitioner's claim is not moot because the Court can still grant effectual relief because Respondents failed to comply with General Order 26-05. (ECF 14 at 6–12.) Petitioner asserts that though the General Order issued after

Petitioner's transfer out of the district and on the day of Petitioner's removal to El Salvador, it applied while the petition was pending and thus Respondents failed to provide the notice required by its terms. (*Id.* at 5–16.) Petitioner offers that relief may include a "declaration concerning Respondents' compliance with the General Order and appropriate equitable relief necessary to restore the Court's ability to adjudicate the habeas claim." (*Id.* at 9.) Petitioner "respectfully submits that such relief may include an order directing Respondents to facilitate his return." (*Id.* at 10.) Alternatively, Petitioner requests leave to file a supplemental petition which would plead the July 4, 2026 transfer and July 6, 2026 removal and would conform the requested relief to those events. (*Id.* at 16–17.) If the Court nonetheless concludes that no live controversy remains, Petitioner requests that any dismissal be without prejudice. (*Id.* at 17.) The parties have now consented to the undersigned. (ECF 17.)

The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

**II**

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). In the immigration context, the Ninth Circuit has made clear that where a habeas petition challenges only the legality of detention, removal moots the petition "because successful resolution of the[] pending claims c[an] no longer provide the requested relief." *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007). That's because "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064. Such is the case where, for example, a petitioner seeks relief from deportation/removal (versus detention). *Id.*

Here, Petitioner sought release from immigration custody. (ECF 1 at 35.) He also sought an injunction preventing his re-detention absent certain conditions. (*Id.* at 35–36.) Petitioner has now been removed from the United States and thus is no longer detained by ICE nor subject to ICE supervision or jurisdiction. (ECF 10 at 2; ECF 10-1.) Petitioner cannot show a live controversy for adjudication.

Petitioner argues that Respondents failed to comply with General Order 26-05 and that the Court can grant effectual relief to address this violation. (ECF 14 at 6, 9–12.) The General Order issued after

Petitioner was transferred out of the Central District of California and on the same day Petitioner was removed to El Salvador. (ECF 8 at 2.) Yet Petitioner, relying on the text of the General Order, argues that the General Order applied while the petition was pending and before it was issued. (ECF 14 at 6–8.) Petitioner provides no authority for the proposition that a party can be held accountable for noncompliance with an order before that order was issued, and has thus failed to establish that Respondents violated General Order 26-05. *See Yan v. Mullin*, No. 5:26-cv-04744-ADS, 2026 WL 2603450, at *1 (C.D. Cal. Sep. 2, 2026) (explaining that respondents did not violate General Order 26-05 because petitioner was transferred a day before it was entered).

Accordingly, Petitioner's petition for habeas relief is now moot.

## ORDER

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered dismissing the action as moot.

DATED: November 20, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE